**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-4-381 |
| § | | C.A. No. C-07-246 |
| SANTOS CANO, § | | |
|     Defendant/Movant. § | | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO VACATE,**
**SET ASIDE, OR CORRECT SENTENCE AND**
<u>**ORDER DENYING CERTIFICATE OF APPEALABILITY**</u>

Pending before the Court is Defendant Santos Cano's ("Cano") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 84),[1] which was received by the Clerk on June 1, 2007, and is deemed filed as of May 21, 2007.[2] The Court ordered the government to respond, and the government's combined response and motion to dismiss was filed on August 10, 2007. (D.E. 92, 93.) Cano sought an extension of time to reply, which the Court granted. (D.E. 94, 96.) On October 22, 2007, the Clerk received Cano's combined reply and "cross-motion" for summary judgment (D.E. 97), which the Court has

---

[1] Docket entry references are to the criminal case.

[2] Although the Clerk did not receive Cano's motion until June 1, 2007, the motion was executed on May 21, 2007, and contains a signed statement that it was delivered to prison officials on the same date. (D.E. 84 at 8.) It is thus deemed filed as of May 21, 2007. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). <u>See also</u> <u>United States v. Young</u>, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of <u>Houston v. Lack</u> to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

also considered.

For the reasons set forth herein, the Court GRANTS the government's motion to dismiss, DENIES Cano's motion for summary judgment and DENIES Cano's § 2255 motion. The Court also DENIES Cano a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

### A. Summary of the Offense[3]

On February 3, 2004, officers with the Robstown, Texas Police Department initiated a traffic stop after Santos Cano was observed speeding in a 1993 Ford Lincoln Towncar in Robstown. Cano failed to stop the vehicle, instead leading the police on a chase at excessive speeds through a residential neighborhood. At one point, the vehicle slowed down and a passenger exited. Cano then sped up again and continued to flee. Cano eventually stopped the vehicle and was arrested for felony evading arrest. An inventory of the vehicle revealed one round of .38 caliber ammunition containing the marking "R-P .38 Spcl." on the head-stamp, manufactured by Remington, on the driver's seat.

Cano later advised the case agent that he found the round of ammunition under his house four or five days prior to the day of his arrest. He told the agent he had saved it as a "souvenir" of his work on the house and planned to make a key chain from it. Cano further stated that on the day of his arrest, he picked up a hitchhiker who he believed was a worker

---

[3] Unless otherwise noted, the information in this section is derived from Paragraphs 3 and 4 of Cano's Presentence Investigation Report.

in the area. Cano stated that he fled the police officer because he believed the officer was an individual who holds a personal grudge against him. Cano explained that he stopped the vehicle to allow the hitchhiker out of the vehicle because the hitchhiker told him there was a warrant out for his arrest. Cano further stated that he stopped the vehicle once he realized the officer following him was not the officer who holds a personal grudge against him. Cano stated that he had the ammunition in the ashtray and does not know how it got onto the driver's seat. He reported that he does not own a firearm.

At trial, the government agent testified that the bullet was a live round of ammunition, but that it did not look like a newly-made bullet. He also testified that the bullet was manufactured by Remington outside the State of Texas. (D.E. 68, Trial Transcript ("T. Tr.") at 22-28.)

Cano's sister was called to testify by the government. (T. Tr. at 52.) She testified that that she was visiting Cano's residence the day he found the bullet and that she observed him finding the bullet and putting it in his vehicle's ashtray. She testified that "there were a lot of kids" around. She also acknowledged that there was a trash can present at the residence where Cano could have put the bullet. (T. Tr. at 52-56.)

Another defense witness, Israel Gamez, testified that he was present when Cano found the bullet and put it in the vehicle. Gamez testified that Cano later asked him to get the bullet and throw it in the dumpster. He admitted there was a trash can nearby when the bullet was found, but said the trash was too full to throw the bullet in the trash. (T. Tr. at 68-73.)

Cano also testified at trial. He admitted that he had thought about keeping the bullet for a souvenir, but also testified that he picked up the bullet to "get that bullet away from the

house" and to keep it away from kids that play near the house, as well a little girl that was going to be moving with her parents into the house. Cano also echoed Gamez's testimony that he told Gamez to throw the bullet away but that Gamez failed to do so. (T. Tr. at 77-79, 83.)

**B.      Criminal Proceedings**

On August 25, 2004, Cano was charged in a single-count superseding indictment with knowingly possessing ammunition while a convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e)(1). (D.E. 13.) Cano was represented by appointed counsel, David V. Stith, who filed a motion to suppress on Cano's behalf. The motion to suppress was denied by the Court on September 15, 2004. (D.E. 29.) A jury was selected on September 20, 2004, and a jury trial was held on September 27, 2004. (D.E. 33-41.)

At the close of the evidence at trial, Cano's counsel requested a jury instruction regarding a possible defense of "necessity" or "justification." (T. Tr. at 102-103.) Counsel argued that the evidence fit the defense because Cano might have been justified in possessing the ammunition to prevent children from possessing it or being harmed by it. (T. Tr. at 103.) The Court took a lunch recess and returned with a Fifth Circuit opinion addressing when an instruction on a defense of justification might be appropriate in a felon-in- possession case. (T. Tr. at 108-110.) The Court denied the request for a "justification" instruction. (T. Tr. at 109-110.)

The jury returned a guilty verdict the same day. (D.E. 42.) The Court ordered the United States Probation Office to prepare a Presentence Investigation Report (D.E. 43), to which Cano's counsel filed numerous objections.

The PSR calculated Cano's base offense level as a 24 and then increased the offense level by four levels because Cano used or possessed the ammunition in connection with another felony offense – evading arrest – (PSR at ¶ 10), for a total offense level of 28. Because Cano qualified as an Armed Career Criminal, however, his offense level was increased to 33 pursuant to U.S.S.G. ¶ 4B1.4(b)(3)(B). (PSR at ¶ 17.) Cano's criminal history resulted in a criminal history category of VI. (PSR at ¶¶ 20-34). His resulting guideline range was 235 to 293 months. (PSR at ¶ 55.)

The sentencing hearing began on December 9, 2004. (D.E. 48; see generally D.E. 69, First Sentencing Transcript ("1 S. Tr.").) The Court sustained Cano's objection to the four-level enhancement for possessing the ammunition "in connection with another felony offense." (1 S. Tr. at 4.) This did not affect Cano's guideline range because of his status as an Armed Career Criminal, however. (1 S. Tr. at 4-5.) The Court overruled other defense objections to the failure to provide acceptance of responsibility (1 S. Tr. at 13), to the application of the ACCA enhancement, and to the PSR's failure to group three convictions for which Cano was sentenced on the same day to concurrent sentences. (1 S. Tr. at 32-33.) The Court found that each of those three convictions should be assessed criminal history points. (Id.) The Court expressed its frustration with the guideline range, however, in light of the fact that Cano possessed only a single bullet and no weapon. (1 S. Tr. at 13-14.) The Court ultimately recessed to further research any options for departing downward. (1 S. Tr. at 35-37.)

The case was recalled for sentencing on January 21, 2005, after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). Cano remained at an offense level

5

33 with a guideline range of 235 to 293. In light of the advisory nature of the guidelines, however, the Court considered the factors in 18 U.S.C. § 3553(a), and sentenced Cano to the mandatory statutory minimum sentence of 180 months. (D.E. 71, 2nd Sentencing Transcript ("2 S. Tr.") at 22-25; D.E. 57.) The Court also imposed a five-year term of supervised release and a special assessment of $100. (2 S. Tr. at 24; D.E. 57.) Final judgment was entered on February 26, 2005. (D.E. 57.)

Cano timely appealed and was represented on appeal by the Federal Public Defender. (D.E. 56.) On appeal, Cano raised four arguments. First, he argued that the district court abused its discretion in refusing to give his requested jury instruction on the justification defense. Second, he argued that the district court erred in determining that his Texas convictions for burglary of a habitation were qualifying violent felony convictions under § 924(e). Third, he argued that § 924(e) is facially unconstitutional or, in the alternative, that his sentence was improperly enhanced under § 924(e) because the indictment did not contain any information regarding his prior convictions. Fourth, he argued that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional because it does not require a substantial effect on interstate commerce and is thus an improper exercise of Congress' power under the Commerce Clause. In the alternative, he argued that the facts established at his trial were insufficient to prove a substantial effect on interstate commerce. (See D.E. 81 (Fifth Circuit opinion discussing Cano's arguments on appeal).)

In a *per curiam* opinion issued February 15, 2006, the Fifth Circuit rejected his claims and affirmed Cano's conviction and sentence. (D.E. 81.) Cano filed a petition for writ of certiorari, which the Supreme Court denied on May 22, 2006. (D.E. 86.)

6

Cano's *pro se* motion pursuant to 28 U.S.C. § 2255 is deemed filed as of May 21, 2007. See supra note 2. It is timely, and the United States does not challenge its timeliness. (D.E. 92 at 3.)

### III. MOVANT'S ALLEGATIONS

In his § 2255 motion, Cano lists a single ground for relief. Specifically, he claims that his trial counsel was constitutionally ineffective because he "failed to develop an 'innocent possession' defense." (D.E. 89 at 5; see id. at 5-8 (explaining argument).)

In his lengthy reply (D.E. 97), Cano raises two new claims. First, he argues that the general verdict form employed by the Court was deficient because it did not specifically require the jury to find that he was guilty of the "aggravated form of § 922(g)(1) and its penalty provision," § 924(e)(1). (D.E. 97 at 27.) He faults his trial counsel for failing to object to the "general verdict procedure" employed by the Court. In support of this argument, he claims that the indictment incorrectly charged two separate "substantive offenses" in a single count. Specifically, Count One of the superseding indictment charged him with "both" with a violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) ***and*** the second "crime" of the enhanced penalties in § 924(e)(1). He thus argues that his counsel should have moved to sever the two offenses or asked for a special verdict form so that the jury could establish whether he should be subject to the enhancement provision. (D.E. 97 at 28-31.)

Second, he faults his counsel for failing to object to any sentence beyond the ten years provided by § 924(a)(2). Relying on the Supreme Court's decision in Booker, Cano claims that the Court's sentencing of him based on the ACCA enhancement was improper because

7

it was based on facts not reflected in the jury verdict. He claims that his sentence was thus unconstitutional and that counsel should have objected based on the holdings in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004).[4] (See D.E. 97 at 32-34.)

For the reasons set forth herein, all of Cano's claims are subject to dismissal.

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Procedural Bar

According to the Fifth Circuit's opinion in this case (see D.E. 81), Cano did not raise any objection to the form of the verdict sheet, nor did he raise a Booker claim at any point on appeal. Where a defendant fails to raise an issue in his criminal proceedings, that issue

---

[4] In January 2005, the Supreme Court held that the principles in Blakely applied to the federal sentencing guidelines as well. United States v. Booker, 543 U.S. 220 (2005). Blakely was a state criminal case, while Booker is applicable in federal criminal cases.

8

is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Cano had not alleged that he is actually innocent, nor has he offered any reason for his failure to raise a Booker claim on direct appeal. Thus, to the extent Cano is arguing that the verdict form was improper or that the Court erred in sentencing him as a career offender based on prior convictions not found by the jury, Cano's claims are barred because he failed to raise them on appeal.

To the extent that his claims are couched as ineffective assistance claims, however, the Court will consider them. Claims of ineffective assistance of counsel are properly made for the first time in a § 2255 motion because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, it is necessary to address the merits of Cano's ineffective assistance of counsel claims.

**C.    Ineffective Assistance of Counsel Claims**

    **1.    General Standards**

Cano's claims of ineffective assistance of counsel are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on such a claim, a movant must

demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Additionally, in order for Cano to show that he suffered prejudice as to any *sentencing* issues, he must show that there is a reasonable probability that but for counsel's alleged errors, his sentence would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000).

### 2. Claim That Counsel Was Ineffective For Failing to Assert "Innocent Possession" Defense At Trial

As noted, Cano's first claim is that his trial counsel was constitutionally ineffective because he failed to advance an "innocent possession" defense at trial. The government has responded that Cano's attorney was not deficient because he advanced a different defense, justification, which was recognized by the Fifth Circuit. The government further argues that counsel's failure to develop or present an "innocent possession" defense as not deficient because the defense had not been widely recognized and the Fifth Circuit had not yet adopted

10

it.  (See D.E. 92 at 13-17.)

In his reply, Cano argues that the government is foreclosed from arguing against the existence of an "innocent possession" defense because it took a contrary position in a case before the United States Court of Appeals for the District of Columbia, United States v. Mason, 233 F.3d 619 (D.C. Cir. 2001).  He argues that the doctrine of judicial estoppel thus bars the United States from arguing in the instant case that the "innocent possession" defense was unavailable to him.

### a. **Judicial Estoppel**

While Cano is correct that the doctrine of judicial estoppel can prevent a party from advocating a position contrary to a position it advocated in a previous case, he is incorrect that judicial estoppel bars the government's argument in *this* case.

The primary case relied upon by Cano in support of his judicial estoppel argument is Zedner v. United States, __ U.S. __, 126 S. Ct. 1976 (2006), in which the Supreme Court rejected the government's claim that the criminal defendant was judicially estopped from taking a certain position.  The case did *not* involve a claim that the United States should be judicially estopped from taking a certain position in a criminal case.   This is noteworthy because the Fifth Circuit apparently has never held that judicial estoppel could be utilized against the government in criminal cases.  See, e.g., United States v. McCaskey, 9 F.3d 368, 378-79 (5th Cir. 1993) (declining to address whether judicial estoppel could apply to the government in criminal cases, and quoting from United States v. Kattar, 840 F.2d 118, 129-30 n.7 (1st Cir. 1988): "[A]s far as we can tell, th[e] obscure doctrine [of judicial estoppel] has never been applied against the government in a criminal proceeding.").

In any event, even if it were applicable against the United States in criminal proceedings, it does not appear that the doctrine would apply in this case. As noted by the Zedner court, the doctrine of judicial estoppel is an equitable one, but

> several factors typically inform the decision as to whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Zedner, 126 S. Ct. at 1987 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)).

Applying these principles to the instant case, it is clear that judicial estoppel should not bar the government from its argument in this case. First of all, the position taken by the government in the instant case is *not* that the innocent possession defense does not exist. Instead, the government is merely arguing that the defense had not been recognized by the Fifth Circuit at the time of Cano's trial, that most circuits to have considered it have rejected it, and thus that his counsel was not deficient for failing to raise the defense. So, Cano's underlying premise is flawed. Put differently, the government's position in this case is not "clearly inconsistent with its earlier position" in Mason, in which it acknowledged the existence of an innocent possession defense. Cf. Zedner, 126 S. Ct. at 1987.

Moreover, the government was not advocating in favor of an innocent possession defense in Mason. Rather, the Mason court indicates that the government "conceded" at oral argument that "although narrow, there must be an innocent possession defense to a [felon-in-possession] charge." Mason, 233 F.3d at 623. The government, therefore, was neither

12

advocating for such a position, nor urging the Court to accept that position. In short, then, judicial estoppel is inapplicable. Having determined that judicial estoppel does not bar the government's arguments in this case, the Court turns to the merits of Cano's claim.

### b.  Deficiency

Cano claims that his counsel was deficient for failing to argue an innocent possession defense, but the Court finds no deficiency. The Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards and that, when reviewing a § 2255 motion, "the acuity of hindsight is not our proper lens." United States v. Faubion, 19 F.3d 226 (5th Cir. 1994). Indeed, as the Fifth Circuit has recently reaffirmed:

> Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." ... There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

United States v. Harris, 408 F.3d 186, 189 (5th Cir. 2005) (citations omitted). In this case, that deference due counsel's performance precludes relief for Cano, for he has done nothing to overcome the "strong presumption" that his counsel's performance on this issue was reasonable.

Although Cano's counsel did not argue an innocent possession defense, it is notable that the Fifth Circuit had not recognized such a defense to a felon-in-possession charge at the time of Cano's trial, nor has it since.[5] Counsel did, however, request a jury instruction on

---

[5] At the time of Cano's trial, the D.C. Circuit had recognized such a defense in the Mason case, supra, as had the Sixth Circuit. See United States v. DeJohn, 368 F.3d 533, 545-46 (6th Cir.

13

another defense recognized in the Fifth Circuit at the time of trial, the justification defense.

It is worth noting that the justification defense pursued by defense counsel and the innocent possession defense are alternative and inconsistent defense theories. That is, counsel could *not* have argued both that Cano knowingly possessed the bullet for the safety of children that might end up living in the house or were playing around the house (an element of the justification defense) *and,* at the same time, argued that Cano innocently and unknowingly came into possession of the bullet (a required showing for the "innocent possession" defense.) Counsel thus selected one of these two defenses, the one he presumably believed has the best chance of succeeding and best fit the facts of the case.[6] Although the Court ultimately declined to give the justification instruction, finding the defense unsupported by the facts, counsel's decision was not outside the broad range of what is considered reasonable assistance. See Dovalina, 262 F.3d at 474-75.

### c. Prejudice

Cano's claim also fails because he cannot show prejudice. That is, even if his counsel had argued for an instruction on innocent possession, and even if it were available in the Fifth Circuit, such an instruction would not have been given by the Court because the facts

---

2004) (recognizing the "very narrow defense" but finding it inapplicable in the case before it). The Seventh Circuit had "limited an 'innocent possession' defense to a § 922(g)(1) charge to situations in which the elements of a justification defense (*i.e.*, necessity, duress or self-defense) are present." United States v. Hendricks, 319 F.3d 993 (7th Cir. 2003). The Fifth Circuit had not spoken on the issue, and still has not.

[6] Although the Court ultimately determined that the justification defense was unsupported by the facts of the case, the Court notes that Cano and two other witnesses testified that Cano picked up the bullet and put it in his vehicle. Thus, his case is a far cry from the "innocent possession" exception example given by the Mason court. In that example, the defendant picked up a bag containing a gun, but did not know what was in the bag. See Mason, 233 F.3d at 623.

14

of Cano's case simply did not support it. Thus, the outcome of Cano's proceeding would not have been different had counsel raised the defense.

The Mason court explained the two general requirements in order for a defendant to successfully invoke the innocent possession defense:

> The record must reveal that (1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory - i.e., in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In particular, "a defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct."

Mason, 233 F.3d at 624 (citation omitted).

It is clear, both from Cano's testimony and from the testimony of Israel Gamez, that Cano did not *innocently* obtain the bullet. Unlike the example in Mason, Cano knew when he picked up the bullet that it was a bullet. It did not come into his possession unknowingly or innocently.

Notably, moreover, Cano had other options other than picking up the bullet and placing it in his car. For example, he could have had Mr. Gamez keep the bullet. Additionally, Cano's conduct in placing the bullet in his car was inconsistent with the requirement from the innocent possession defense that the defendant make every attempt to provide the contraband to the police as soon as possible. Again, Cano placed the bullet in the glove compartment of his car, when he could have thrown it out or had Mr. Gamez throw it out. Additionally, Cano never told agents – and did not testify at trial – that he intended

15

to provide the bullet to law enforcement officials. Similarly, his actions did not reflect that he was pursuing any intent to hand over the bullet "with immediacy." Cf. Mason, 233 F.3d at 624.

Thus, even if the innocent possession defense had been recognized by the Fifth Circuit and counsel had argued for it, it would not have applied and the Court would not have instructed the jury on that defense.[7] Accordingly, Cano cannot show prejudice and this claim fails.

### 3. Claim that Counsel Was Ineffective For Failing to Object to the General Verdict Procedure

Cano argues in his reply that the indictment incorrectly charged two separate offenses in a single count and that counsel should have objected to the "general verdict procedure" employed by the Court or should have moved to "sever" the two offenses. He contends that counsel should have argued that the Court employ a special verdict form specifically requiring the jury to find that he be subject to the enhancement provision. (D.E. 97 at 28-31.) Cano's claim is without merit.

Cano was properly charged with a single crime. The enhancement under the ACCA has been repeatedly held to be a sentencing factor, not a separate element of the crime or a separate crime altogether. See, e.g., United States v. White, 465 F.3d 250, 254 (5th Cir. 2006) ("'because Section 924(e)(1) does not create a separate offense but is merely a

---

[7] In his reply, Cano argues that the reason the facts at trial did not support the defense was because his counsel did not shape his case to show such a defense. There is only so much "shaping" an attorney can do, however. He certainly cannot make up facts or encourages a witness to commit perjury.

16

sentence enhancement provision,' neither the statute nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement") (quoting United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002) and noting that Stone remains good law). Thus, any request to "sever" or objection by counsel as to the lack of a specific verdict sheet on this issue would have been meritless. Accordingly, this claim, too, fails. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

### 4. Claim That Counsel Was Ineffective for Failing to Raise a Booker Challenge to Cano's Sentence

Cano's claim that his counsel should have argued that his sentence was improperly increased because his prior convictions were not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt, is without merit. The Court's finding that he was an Armed Career Criminal and the resulting increase to his offense level and criminal history was entirely proper and correct. The Court can discern no valid basis upon which counsel could have challenged the prior convictions and Cano has not presented any.

As an initial matter, it is noteworthy that Cano does not argue now that he was not convicted of the prior crimes. Moreover, the Booker decision explicitly held that prior convictions may be used to increase a sentence without being charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. See Booker, 543 U.S. at 244 ("[W]e reaffirm our holding in Apprendi: Any fact (*other than a prior conviction*) which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

Accordingly, even if his counsel had raised some Booker challenge to the use of Cano's prior convictions, the outcome of the proceeding would not have been different. See Kimler, 167 F.3d at 893("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Thus, Cano cannot show prejudice and his ineffective assistance claim on this ground fails.

For the foregoing reasons, the government's motion to dismiss is GRANTED, Cano's motion for summary judgment is DENIED and Cano's § 2255 motion is DENIED.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Cano has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Cano's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Cano is not entitled to a COA as to his claims.

## V. CONCLUSION

For the above-stated reasons, the Court GRANTS the government's motion to dismiss

(D.E. 93), DENIES Cano's motion for summary judgment (D.E. 97) and DENIES Cano's § 2255 motion. (D.E. 89.) The Court also DENIES Cano a Certificate of Appealability.

ORDERED this 18th day of January, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE