IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-381 |
| | § | C.A. No. C-07-246 |
| SANTOS CANO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING LEAVE FOR GOVERNMENT TO
FILE OUT-OF-TIME RESPONSE AND GRANTING
DEFENDANT'S MOTION FOR EXTENSION OF TIME TO APPEAL**

By order signed January 18, 2008 and entered January 22, 2008, the Court denied Santos Cano's ("Cano") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 98.) Final judgment was also entered on January 22, 2008. (D.E. 99.) Cano had sixty days from that date to file his notice of appeal, or until March 24, 2008. See Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts (Rule 4(a) of the Federal Rules of Appellate Procedure applies to appeals of § 2255 motions); Fed. R. App. P. 4(a)(1)(B) (deadline for filing notice of appeal is sixty days where United States is a party); see also United States v. Truesdale, 211 F.3d 898, 903 (5th Cir. 2000) (noting same).

On June 2, 2008, Cano sent a letter to the Court inquiring regarding the status of his

1

§ 2255 motion, and the Clerk mailed copies of the Court's order and final judgment to him. On June 13, 2008, the Clerk received from Cano a document in which he requests that the Court reopen the time to file an appeal, pursuant to Fed. R. App. P. 4(a)(6).[1] (D.E. 102.) In it, Cano avers that he did not receive a copy of the final judgment until June 4, 2008 and that he mailed his motion for extension and his Notice of Appeal on June 10, 2008.

The Court ordered the government to respond by July 22, 2008. (D.E. 106.)  On July 31, 2008, the government filed its late response, requesting leave to file it out-of-time and further admitting that Cano should be granted leave to pursue his appeal. (D.E. 107.) Having reviewed Cano's motion and the response from the government, the Court concludes that Cano has satisfied the requirements for relief under Rule 4(a)(6), as the government concedes.

Accordingly,  the Court GRANTS Cano's motion for extension of time to file his appeal. (D.E. 102.) Cano's notice of appeal, received by the Clerk on June 13, 2008 (D.E.

---

[1] Rule 4(a)(6) allows a district court to reopen the time to file an appeal for an additional 14-day period if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

104) is deemed timely filed.  Additionally, the government's motion for leave to file its response out-of-time (D.E. 107) is GRANTED.

ORDERED this 10th day of August, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE